[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence 12 January 2000 Date of Application 28 January 2000 Date of Application Filed 14 February 2000 Date of Decision 22 January 2002
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven, GA 6.
Docket Number CR98-462896.
Richard Silverstein, Esq. For the Petitioner.
Robert O'Brien, Esq. For the State of Connecticut.
SENTENCE AFFIRMED
 BY THE DIVISION
The record shows that the Petitioner pled to a Violation of Probation. At the time he was sentenced for the Violation of Probation, he had other matters that he was sentenced for by the same court. The Petitioner is requesting sentence review for only the 5 year sentence he received for the Violation of Probation.
Counsel for the Petitioner stressed to the panel that the sentence imposed was excessive. He felt that he and the sentencing judge clashed in personalities and that the Petitioner paid for their conflict in an excessive sentence.
Counsel for the state pointed out that the Petitioner admitted the Violation of Probation and that there was neither agreement nor a cap on the sentence the court could impose. Counsel requested an affirmance as the sentence reflects the fact that the Petitioner violated his special probationary conditions and that the Petitioner had a substantial criminal record.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify a sentences except in CT Page 2379 accordance with the accordance with the provisions of Connecticut Practice Book § 43-28 et seq., and Connecticut General Statute §51-94 et seq.
In reviewing the transcript of the sentencing hearing we can sense some conflict between the court and Petitioner's counsel. However, the record is devoid of any increase of sentence to the Petitioner due to the alleged personal conflict of his lawyer and the court. In fact, the sentencing court stated its reasons for the sentence as ". . . I know the defendant, here, is on probation for a narcotics offense. I gave him a suspended sentence in 1998 and subsequent to that, he's been involved in felonious activity, a violent assault on an innocent victim, also, was in possession of narcotics."
THE SENTENCE IS AFFIRMED.
Norko, J., Klaczak, J. and Miano, J. participated in this decision.